MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

JACK B. BLUMENFELD
302 351 9291
302 425 3012 FAX
jblumenfeld@mnat.com

December 18, 2014

The Honorable Richard G. Andrews  *VIA ELECTRONIC FILING*
United States District Court
 For the District of Delaware
844 N. King Street
Wilmington, DE 19801

      Re:    *Art+Com Innovationpool GmbH v. Google Inc.*,
               C.A. No. 14-217 (RGA)

Dear Judge Andrews:

      Defendant Google Inc. ("Google") and Plaintiff Art+Com Innovationpool GmbH's ("ACI") submit this joint letter pursuant to the Court's instructions at the November 20, 2014, discovery conference. Since that conference, the parties have agreed upon all terms of an ESI Order. In addition, Google served its invalidity contentions, resolved the third-party objections to making the requested "Alchemy" source code available for inspection, and provided ACI with access to the Alchemy source code. Google and ACI have met and conferred regarding a reduction in the asserted claims, and ACI has now reduced the number of asserted claims of U.S. Patent No. RE44,550 (the "'550 patent") to 40. As discussed further below, Google requests that ACI be required to reduce the number of asserted claims to 20 before January 5, 2014, with a subsequent reduction to 10 claims after the Court issues a *Markman* Order.

**I.**      <u>**The ESI Order And Source Code Files.**</u>

      Google and ACI have agreed upon all terms of an ESI Order. (*See* Exhibit A.) Accordingly, the parties request the Court enter the attached ESI Order.

      In addition, Google will make available for inspection the source code files for which there were hits using the search terms identified by Google. As discussed at the November 20 conference, Google applied its search terms to the culled source code files and provided the raw number of search term hits on these source code files to the Court and ACI. (*See* D.I. 52.) After de-duplication, Google will make these source code files available for inspection by ACI. Google and ACI have agreed to a process by which any additional search terms proposed by ACI will be applied to the culled source code files, and the parties will meet and confer to discuss any search terms that identify an excessive number of source code files in order to reduce the burden of reviewing these additional files. (*See* Exhibit A at ¶ 4(b)(ii).)

## II. The Number Of Asserted Claims.

### A. ACI's Proposal

ACI proposes that its recent reduction to 40 asserted claims, with a further reduction as the case progresses, particularly in light of the upcoming Markman process, obviates the need for further involvement of the Court. There are two sets of asserted claims — 24 of the original claims that issued with the patent-in-suit and 16 claims that issued with the second reissue. As ACI explained at the November 20 conference, these two sets of claims are structured somewhat differently, resulting in different implications for infringement, validity, and damages. Nonetheless, ACI has taken progressive steps to reduce the number of asserted claims as information has developed in the case. ACI initially asserted 82 claims. As discovery progressed, that number was reduced to 52. Most recently, after Google provided its invalidity contentions and produced the Alchemy code, ACI was able to further reduce the number of asserted claims to 40. And over the next several months, ACI expects that the claim construction process and discovery exchanged will further inform the parties as to which claims merit further litigation and which may not.

Google relies on the model order crafted by the Federal Circuit Advisory Council to support its claim reduction proposal, but that model order specifically recognizes "the order may not fit all circumstances and customization is certainly appropriate." Not every case fits a mold, and to force fit cases pushes the bounds of due process. Indeed, the Federal Circuit cautioned against ordering the reduction of claims "too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses." *In re Katz Interactive Call Processing Patent Litigation*, 639 F. 3d 1303, 1313 n.9 (Fed. Cir. 2011).[1] Here, Google seeks to impose arbitrary limits divorced from the realities of this particular case for reasons having nothing to do with the case itself. For example, at the November 20 conference, Google relied on its expressed intent to file an IPR as justification for a premature imposition of asserted claim limits. Seemingly, Google would want nothing more than to reduce its own costs with respect to its anticipated IPR by requiring ACI to arbitrarily reduce the number of asserted claims. ACI respectfully submits that the Court should not engage in IPR strategies on behalf of a party. Rather, the Court should look only to factors specific to the litigation in deciding whether to impose limits on asserted claims.

When pressed, Google has only offered speculation about unspecified burdens and costs without providing details about how the claims or terminology of the '550 patent would generate such burdens and costs. The reality is that no additional burden would exist over the next several months in this litigation as the parties and the Court go through the claim construction process. Tomorrow, the parties will exchange disputed claim terms. ACI will identify less than ten claim terms for construction, and unless Google identifies claim terms that cannot reasonably be

---

[1] Further, the model order on which Google relies also provides for a commensurate reduction of prior art references as the case progresses. When, and if, the Court finds it necessary to issue an order reducing the number of asserted claims in this case, ACI respectfully requests that the Court similarly require Google to limit the number of prior art references.

The Honorable Richard G. Andrews
December 18, 2014
Page 3

disputed, ACI anticipates there will be less than fifteen total claim terms requiring the Court's construction.

As a consequence, ACI submits that the good faith approach already demonstrated by ACI's actions to date should be allowed to continue. Continuing this process of allowing for informed judgment will protect the interests of ACI, including its due process rights, without imposing untoward burdens on Google in this particular case.

**B.    Google's Proposal**

Google proposes that ACI reduce the number of asserted claims of the '550 patent to 20 before January 5, 2015, with a subsequent reduction to 10 claims after the Court issues a *Markman* Order. As an initial matter, Google has now provided ACI with the information it requested at the November 20 conference to reduce the asserted claims: (1) the third-party "Alchemy" source code was made available for inspection on December 2, 2014 and has been inspected by ACI's outside counsel and experts, and (2) Google's invalidity contentions were served on December 5, 2014. (D.I. 53.) In addition, Google substantially completed its document production on December 5, 2014. As a result, ACI has access to all of the information that ACI stated was necessary for a further reduction in the asserted claims.

As discussed at the November 20 conference, Google's proposal to reduce the asserted claims to 20 at this time is intended to benefit the parties and the Court by focusing on the claims at the core of the dispute. Although Google appreciates ACI's recent reduction in the number of asserted claims with a further undisclosed reduction in the asserted claims during the *Markman* process, pursuing 40 asserted claims (1 independent claim and 39 dependent claims) at this stage of the litigation is "problematically excessive," a phrase used by the Federal Circuit Advisory Council in the introduction to its Model Order. Indeed, under that Model Order, ACI would be permitted to assert only 15 claims in its infringement contentions in this single-patent case, to be later reduced to eight claims after claim construction. The Court has previously required similar reductions in the asserted claims. *See, e.g., EMC Corp. v. Pure Storage, Inc.*, C.A. No. 13-1985-RGA, D.I. 66 (D. Del. Sept. 19, 2014); *Agincourt Gaming LLC v. Zynga, Inc.*, C.A. No. 11-720-RGA, D.I. 125 (D. Del. May 14, 2014); *Nuvasive, Inc. v. Globus Med., Inc.*, C.A. No. 10-849-LPS, 2013 WL 3705731, at *1, n.1 (D. Del. July 12, 2013); *Masimo Corp. v. Philips Elecs. N. Am. Corp.*, 918 F. Supp. 2d 277, 284 (D. Del. 2013); *In re Katz*, 639 F.3d at 1309-11 (Fed. Cir. 2011); *see also* D.I. 45 and 48. In addition, although the parties have not discussed a reduction of the prior art references identified in Google's invalidity contentions, Google is open to such a reduction after ACI reduces the number of asserted claims to 20. In view of the foregoing, Google requests that the Court require ACI to reduce the number of asserted claims to 20 before January 5, 2015, with a subsequent reduction to 10 after the Court issues a *Markman* Order Court.

Respectfully,

Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosure
cc:    All Counsel of Record (Via Electronic Mail; w/ encl.)