# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE  19899-1347

(302) 658-9200
(302) 658-3989 FAX

PAUL SAINDON
(302) 351-9466
(302) 225-2567 FAX
psaindon@mnat.com

Originally Filed:  July 15, 2015
Redacted Version Filed:  July 22, 2015

**BY E-FILING**

The Honorable Richard G. Andrews
United States District Court
  of the District of Delaware
844 N. King Street
Wilmington, DE  19801

REDACTED - PUBLIC VERSION

Re:    *Art+Com Innovationpool GmbH v. Google Inc.*,
          C.A. No. 14-217 (RGA)

Dear Judge Andrews:

Defendant Google Inc. ("Google") submits this letter in response to the letter submitted by Plaintiff Art+Com Innovationpool GmbH ("ACI").  For the reasons expressed below, ACI's request for discovery into products (such as Google Translate, etc.) with no connection to the accused products should be denied.

## I.  Google Does Not Object to Discovery Related to the Accused Products

The current discovery dispute raised by ACI is not about the Accused Products.  Despite ACI's characterizations, Google has provided the requested discovery related to the Accused Products (*i.e.*, Google Earth Desktop, Earth Mobile, Earth Pro, Earth Enterprise, and versions of Google Maps incorporating Earth).  For example, Google has produced ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (*See* D.I. 100, Exh. D at ¶¶ 7-9.)  Google has also produced ▮▮▮▮▮ (*see id.*, Exh. D at ¶¶ 10-13) and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.  Further, Google's custodial document production is complete and includes additional documents related to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[1]  Google has also provided a 30(b)(6) witness on

---

[1] Any delay in the production of Google's custodial production is entirely of ACI's doing.  ACI did not propose its search terms to Google until it was instructed to do so by the Court at the April 17 conference, more than six months after the date for the substantial completion of document production.  Google subsequently produced all relevant, non-privileged custodial documents identified from ACI's search terms.  ACI now states it "will very likely

The Honorable Richard G. Andrews
July 15, 2015
Page 2

every one of the 98 deposition topics relating to the Accused Products in ACI's three 30(b)(6) deposition notices, including a deposition notice directed entirely to Google's document collection efforts.[2]

Google has already provided the information requested in at least RFP Nos. 102-103, 105, and 107 related to the Accused Products. For example, when ACI requested discovery into ▮▮▮▮▮ at the April 17 conference, Google provided discovery into ▮▮▮▮▮ Google also provided documents and testimony regarding ▮▮▮▮▮.

Accordingly, after at least eight depositions of Google employees to date including two directed solely to Google's document collection efforts, ACI's letter fails to identify any documents related to the Accused Products that Google is withholding from production.

## II.  Google Objects to Discovery With No Connection to the Accused Products

More than a month after the April 17 conference, ACI served even broader discovery requests seeking documents for every single Google product ever offered (the "Other Google Domain(s)," defined by ACI as "any and/or all Google sites, domains, platforms, and/or business units, including, but not limited to Google Maps, Google Search (Google.com), Street View, Google Plus, Google Translate, Google Drive, Gmail, Google Chrome, and YouTube.")  (*See* Exhibit A at ¶ 9.)  The "Other Google Domain(s)" term is unrestricted as to technology, time, relevance to the Accused Products, or any other limitation. (*See id.*)  Google has hundreds of products that are not accused in this case. (*See* Exhibit B.)

ACI now contends that the April 17 conference and order required production of "downloads, users, and clicks" for all "other Google domains not specifically accused of infringement in this case." (D.I. 162 at 1.) However, the "Other Google Domain(s)" were never identified in this case until ACI served its expansive discovery requests. To the extent that these requests seek discovery into products having no connection whatsoever to the Accused Products, those requests go far beyond the bounds of reasonable discovery.

To be clear, Google has never objected to producing documents regarding these "Other Google Domain(s)" where there is some connection between an Accused Product and an "Other Google Domain," such as ▮▮▮▮▮. (*See* Exhibit C at 23-26, 29, 35-35 Google's Response to RFP Nos. 113-114, 117, 122.) By way of example, Google has produced documents and provided testimony related to the ▮▮▮▮▮ and the parties have discussed the production of ▮▮▮▮▮

---

need to re-notice certain Google custodians for deposition," (D.I. 163 at 2) despite having already deposed these custodians and its unexplained delay in providing search terms. In fact, ACI has already served second deposition notices on two Google employees that were recently deposed, serving these notices after 8 pm Eastern on July 14, and requesting depositions on July 17.

[2] ACI failed to identify any "critical issues" for which Google has not provided a witness.

The Honorable Richard G. Andrews
July 15, 2015
Page 3

████████████████████████████████████████████████. Indeed, Google's 30(b)(6) witness on financial topics is the ████████████████████████████████, and he was prepared to testify on Google's ████████████████. (*See* Exhibit D at 2-3.) In addition, Google has produced documents and provided testimony related to ████████ ████████. Google has produced ████████████████████████████████████████ ████████████████████████████ Additionally, ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Thus, ACI's argument that Google has not produced any documents about "Other Google Domain(s)" is contradicted by the documents Google has produced in this case.

ACI has never even attempted to demonstrate the relevance of any "Other Google Domains" to this case. (*See, e.g.*, D.I. 100 at 8-9.) The only argument ACI has put forth to support its requests for information about an unlimited number of non-accused products is to claim it is relevant to "damages," or at best state that the "Accused Products drive users" to Google, and therefore discovery into all other Google products is "properly discoverable." Putting aside that ACI has failed to state its damages claim in any discovery response to date (*see* D.I. 163 at 2), by way of example, ACI has not even attempted to explain how "any [] usage metrics for each of the Other Google Domains, by domain, version and/or product code, from 2007 through the present,…," *see* Exhibit A at RFP No. 111, has any relevance to damages in this case.[3] In addition, collecting this information would be incredibly burdensome. ████████ ████████████████████████████████████████████████████████████████████████████████ ████████. (*See, e.g.*, D.I. 100, Exh. D at ¶ 13.)

ACI's request for discovery on "Other Google Domain(s)" beyond any connection to the Accused Products also conflicts with governing law. Fed. R. Civ. P. 26(b)(1) precludes the unlimited discovery sought by ACI, and numerous recent Federal Circuit cases make clear that damages theories must be based on the accused functionality. *See, e.g., VirnetX, Inc. v. Cisco Sys.*, 767 F.3d 1308, 1329-30 (Fed. Cir 2014) (rejecting damages expert's application of the entire market value rule that failed to show Apple's FaceTime application "drove sales" for Apple iOS products); *LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67-68 (Fed. Cir. 2012) (a high royalty base "carries a considerable risk" of misleading a jury into overcompensating, which "'cannot help but skew the damages horizon for the jury'" and "make a patentee's proffered damages amount appear modest by comparison") (citation omitted); ACI has never made such as showing, despite Google's repeated requests.

Accordingly, Google respectfully requests the Court deny the relief sought by ACI in its letter brief.

---

[3] Indeed, 35 U.S.C. § 284 provides for damages "in no event less than a reasonable royalty for the use made of the invention by the infringer." ACI is claiming a reasonable royalty for alleged infringement by the Accused Products, and does not accuse any "Other Google Domain(s) of "use made of the invention." Thus, even assuming that ACI was claiming a reasonable royalty based on usage data for the Accused Products, the usage data for "Other Google Domains" cannot be relevant to such a damages claim.



The Honorable Richard G. Andrews
July 15, 2015
Page 4

                                Sincerely,

                                */s/ Paul Saindon (#5110)*

                                Paul Saindon (#5110)

PS:ncf
Enclosure
cc:    Clerk of the Court
       All Counsel of Record