IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ART+COM INNOVATIONPOOL GMBH, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-217-RGA |
| GOOGLE INC., | : | |
| Defendant. | : | |

**ORDER**

The parties have filed letters (D.I. 162, 163, 167, 168) with a laundry list of discovery disputes. The Court resolves them as follows.

Plaintiff's Issues. (D.I. 162 & 168). Plaintiff's issues a, b, and c are essentially the same as the issues presented in the Motion for Reargument. (D.I. 100). When I resolve the Motion for Reargument, I expect that issues a, b, and c will be resolved too. On issue d, I will extend the time for damages discovery to allow for resolution of the Motion for Reargument.

Defendant's Issues. (D.I. 163 & 167). On the "apparent violations of the Protective Order" issue, I do not see any basis to believe Plaintiff has violated the Protective Order, and I therefore deny Defendant's request. On the damages issue, I need to resolve the Motion for Reargument before Plaintiff needs to amend its damages contentions. Thus, I deny Defendant's request at the present time. On the issue of the location of the Rule 30(b)(6) depositions, the scheduling order specifically refers to "Defendant's 30(b)(6) witness[es]" being deposed where they reside in the absence of some other agreement. (D.I. 24 at 2 ¶ 3.e.ii). I do not understand why it would not be reasonable for Plaintiff to expect the same. In any event, I deny Defendant's

request for expenses of traveling to Germany, which, for the most part, Defendant was going to incur anyway in view of its noticing of individual depositions. Had the issue been presented to me before the depositions occurred, I would not have made the Plaintiff's 30(b)(6) witnesses come to Delaware for deposition. On the last issue, whether Plaintiff has to disclose more about who has a financial interest in the litigation, Plaintiff offers some rhetoric but cites no legal authority. Plaintiff mentions both attorney-client privilege and work product (D.I. 167 at 3) even though it appears that nine days before writing to me, Plaintiff specifically disclaimed the attorney-client privilege as the basis for its objection. (D.I. 163, Ex. D, p.3). Suffice it to say, Plaintiff does not give me much to work with. Nevertheless, it is a sensitive enough issue so that I will give Plaintiff the option as to how to proceed. It may file a motion with "full briefing," and/or it may submit the information to me in camera, or it may meet and confer with Defendant and come up with some alternative arrangement. If it is going to file a motion and a "full brief," it ought to do so within the next fourteen days.

IT IS SO ORDERED this 3 day of August 2015.

Richard G. Andrews
United States District Judge