M<small>ORRIS</small>, N<small>ICHOLS</small>, A<small>RSHT</small> & T<small>UNNELL</small> <small>LLP</small>

1201 N<small>ORTH</small> M<small>ARKET</small> S<small>TREET</small>
P.O. B<small>OX</small> 1347
W<small>ILMINGTON</small>, D<small>ELAWARE</small>  19899-1347

(302) 658-9200
(302) 658-3989 FAX

P<small>AUL</small> S<small>AINDON</small>
(302) 351-9466
(302) 225-2567 FAX
psaindon@mnat.com

Original Filing Date:  August 20, 2015
Redacted Filing Date:  August 31, 2015

**BY E-FILING**                                              **REDACTED--PUBLIC VERSION**

The Honorable Richard G. Andrews
United States District Court
 of the District of Delaware
844 N. King Street
Wilmington, DE  19801

        Re:    *Art+Com Innovationpool GmbH v. Google Inc.,*
               C.A. No. 14-217 (RGA)

Dear Judge Andrews:

      Google submits this letter in response to the submission by ACI regarding the discovery disputes raised by ACI. The discovery sought by ACI is not relevant or, at best marginally relevant, and not required for the needs of this case. Google proposed reasonable compromises in the context of a global agreement that would have resolved all outstanding discovery issues, but ACI was unwilling to do so.

**I.    ACI Should Not Be Permitted Second and Third Depositions of Google's Witnesses.**

      ACI's request to depose Peter Birch a third time and John Hanke a second time should be denied. As an initial matter, any delay in Google's custodial document production is due to ACI's failure to finalize its ten allowed search terms until June 3, 2015.[1] After ACI finalized its

---

[1] ACI's "sequence of events" relating to the negotiation of ACI's ten search terms is incomplete. For example, ACI first proposed ten search terms on December 22, 2014, almost three weeks *after* the December 5, 2014 deadline for the substantial completion of document production. Further, after months of negotiation, ACI withdrew six of its original ten search terms on March 9, 2015. ACI did not propose six additional search terms until April 28, 2015, only after the Court instructed ACI to do so at the April 17 conference, where the Court rejected ACI's argument that it could not propose additional search terms without more information from Google. (*See* Tr. at 34-35.) The search terms ACI proposed on April 28 would have resulted in a collection of well over a million documents. Further, to the extent the "negotiations slowed" prior to the April 17 conference, any such slowdown was entirely due to ACI's failure to request

The Honorable Richard G. Andrews
August 20, 2015
Page 2

search terms, Google collected, reviewed, and produced custodial documents from that search shortly after ACI's search terms were finalized. ACI's complaint that Google should have made piecemeal productions of documents is also without merit, as ACI never requested that Google produce documents in that manner and the ESI Agreement does not contemplate that such piecemeal productions are permitted. (*See* D.I. 55-1 at 4) (ACI can request "10 additional search terms to be used in connection with *the electronic search*.") (emphasis added).

ACI deposed Mr. Birch for the first time on May 14, 2015 as one of two 30(b)(6) witnesses on ACI's notice related to Google's document production. Google agreed to designate Mr. Birch as a 30(b)(6) witness on these topics because ACI's counsel indicated that it needed to understand the relevant documents in Google's possession before proceeding with Mr. Birch's individual deposition. (*See* Exhibit A at 1) ("Without the documents that are highly likely to be identified by virtue of our 30(b)(6) document deposition notice (which is the point of this notice), we are in no position to take Mr. Birch's individual deposition."). After two 30(b)(6) depositions on Google's documents in advance of the depositions of Messrs. Birch and Hanke, ACI cannot now claim that it needed additional documents to proceed with those depositions. As ACI's counsel indicated, that was "the point" of its initial 30(b)(6) notice on Google's documents and document collection. Although insisting on the 30(b)(6) depositions regarding documents, ACI never timely followed up with specific requests for documents. ACI proceeded with the second deposition of Mr. Birch on June 17 (as an individual) and the deposition of Mr. Hanke on June 25. Further, ACI still has not identified any subjects about which it again wants to depose Messrs. Birch and Hanke. ACI's request should be denied.[2]

**II.     The Documents Requested by ACI are Not Relevant to any Issue in the Case.**

ACI seeks the production of: (1) ███████████████ and (2) ███



and negotiate search terms, as Google has remained willing to negotiate search terms with ACI for the entirety of this case.

---

[2] Mr. Hanke has been named CEO of a spin-off company, Niantic Lacs, and will no longer be a Google employee. (*See, e.g.,* http://www.businessinsider.com/niantic-labs-leaves-google-2015-8.)



The Honorable Richard G. Andrews
August 20, 2015
Page 3

### III. Google Offered a Reasonable Compromise for Discovery Relating to Non-Accused Products But ACI Rejected IT.

Interrogatory Nos. 20 and 21 request metrics information for all products offered by Google, and was therefore subject to Google's objections in view of its Motion for Reargument (*See* D.I. 168 at 2.) Google offered a reasonable compromise to these interrogatories and all of ACI's discovery requests directed to "Other Google Domains." At all times, ACI refused Google's compromises, stating that it would continue to seek discovery for all "Other Google Domains." (*See* D.I. 180, Exh 4 at 3) ("we note that ACI still intends to pursue its requests for information regarding Other Google Domains…")

ACI's letter is the first time since it served discovery about the "Other Google Domains" in May that it offered to compromise on Interrogatory Nos. 20 and 21.

### IV. Google Agreed to Provide Documents and Information To ACI.

ACI seeks an Order from the Court requiring deadlines that have never been discussed by the parties and to which Google did not agree. For example, as ACI knows, numerous documents that Google agreed to produce contain notice provisions and Google is currently seeking the consent of its counterparties to produce these documents. Accordingly, ACI's request for the Court to set ACI's proposed deadlines is not something Google did or could have agreed to.

For information related to Exhibits identified in the Roszak and Shah depositions, the parties discussed a means by which the information requested by ACI could be produced, such as by stipulation, and Google agreed to provide that information. ACI has not yet sent a draft stipulation to Google for consideration. Google informed ACI it will work with ACI to provide the requested information in a timely manner, but cannot be expected to know the specific information ACI requests or the manner in which ACI is requesting such information.

*****

Google respectfully requests the Court deny the relief sought by ACI.

The Honorable Richard G. Andrews
August 20, 2015
Page 4

                              Respectfully

                              */s/ Paul Saindon*

                              Paul Saindon (#5110)

PS:ncf
Enclosure
cc:     Clerk of the Court
        All Counsel of Record

9399391