

August 19, 2015

**VIA E-FILING**
The Honorable Richard G. Andrews
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, DE 19801-3555

**CONFIDENTIAL- FILED UNDER SEAL**

Re:   *Art+Com Innovationpool GmbH v. Google Inc.*,
       **C.A. No. 14-cv-217-RGA**

Dear Judge Andrews:

Plaintiff ART+COM Innovationpool GmbH ("ACI") hereby submits this letter outlining several discovery disputes it wishes to raise during the August 21, 2015 discovery conference.

### A. Google's Refusal to Present Witnesses In Response to Deposition Notices Served After Google's Substantial Custodial Production

On Saturday, July 11, 2015, the day after ACI deposed the last subpoenaed Google witness, Google produced almost 9,500 custodial documents (over 75,000 pages), doubling the number of Google documents produced in this case (excluding source code). Google also produced over 2,000 additional documents during the following week, prior to the July 17 fact discovery deadline. Although Google's July 11 production included thousands of documents from nine custodians, six of which ACI had deposed, ACI only re-noticed two of Google's custodians: Peter Birch[1] and John Hanke.[2]

Google's July 11 production contained 2,166 documents from Mr. Birch's files and 4,144 documents from Mr. Hanke's files. The production was not only substantial in size, but also substantial in the amount of documents critical to ACI damages analysis, many of which are from Mr. Birch's and Mr. Hanke's custodial files. ACI has offered to schedule both depositions on the same day and limit each deposition to no more than three hours of questioning directed only at Google's latest custodial productions. But Google has refused, instead contending that Google's belated production is somehow ACI's fault. This cannot be further from the truth.[3]

---

[1] Peter Birch was deposed in his individual capacity and as a 30(b)(6) designee on June 17, 2015. Mr. Birch was also deposed on May 14, 2015, solely with respect to certain topics in ACI's 30(b)(6) concerning document issues. Given Google's deficient document production at that time, ACI specifically declined to depose Mr. Birch in his individual capacity on May 14.
[2] John Hanke was deposed in his individual capacity on June 25, 2015.
[3] To the extent Google continues to blame ACI for Google's delayed production, ACI sets forth the following sequence of events: ACI first proposed 10 search terms on December 22, 2014. The parties began negotiating ACI's search terms and hit counts shortly thereafter, but negotiations slowed prior to the April 17 conference because ACI needed additional information from Google regarding how (and where) Google was actually searching for custodial and non-

While Google's July 11 production was undoubtedly late, ACI believes this issue should be resolved on the merits and by considering the equities. With only six days remaining in fact discovery and after all depositions of its witnesses were completed, Google produced thousands of custodial documents, denying ACI the opportunity to question Google's witnesses regarding relevant and responsive documents. Thus, ACI requests that it be allowed to depose Mr. Birch and Mr. Hanke for three hours each regarding the subsequently produced documents.

### B. Google's Refusal to Produce Certain Discoverable Documents

During the depositions of Google witnesses, ACI identified several documents that Google failed to produce during the course of fact discovery. Despite ACI's request to cure the deficiencies in its production, Google refuses to search for and produce the following documents:

### C. Google's Failure to Provide Responses to ACI's Interrogatory Nos. 20 and 21.

Google has refused to provide a response to ACI's Interrogatory Nos. 20 and 21, which seek information and metrics related to "Other Google Domains." Google offered to produce

---

custodial documents. After the April 17 conference, ACI and Google resumed negotiations and ACI proposed additional modified search terms. The parties continued negotiating and reached agreement regarding 7 of the 10 search terms by May 19. The parties finalized all 10 terms on June 3, 2015. The majority of Google documents responsive to ACI's search terms appear to have been produced on July 11, 2015. Google had no reason to wait until all terms were finalized on June 3 to begin its production process. But even assuming Google was reasonable in doing so, Google had two full weeks to produce Mr. Birch's documents prior to his June 17 deposition, and three full weeks to produce Mr. Hanke's documents prior to his June 25 deposition. Instead, Google waited until the day after ACI deposed the last witness produced by Google to produce a massive set of custodial documents. Google's attempt to shift the blame to ACI simply does not fit with the facts.

certain information for Maps, Chrome, and Toolbar in exchange for ACI forgoing its requests for information related to any other Google domain or platform. ACI could not agree to such a compromise given that such information is relevant to ACI's damages analysis. In an effort to resolve this issue, however, ACI agrees to limit its requests under these interrogatories to the following information:

- Interrogatory No. 20: For Google Maps, Google Chrome, Google Toolbar, Google Search, and Google+,

- Interrogatory No. 21: For Google Maps, Google Search, and Google+, ACI requests that

### D. ACI and Google's Other Agreements Regarding Discovery

As of August 18, 2015, Google and ACI have reached agreements as to many outstanding discovery issues. *See* Ex. 4, Excerpts from Email String between Counsel for ACI and Google. With respect to ACI's Interrogatory No. 19, Google has agreed to supplement its response by September 6. ACI requests that Google respond by August 28. Given that Interrogatory No. 19 was served on March 3, 2015 and requests information regarding Google's contentions as to what qualifies as prior art under section 102 of the patent statute, Google should have provided this information to ACI well before the close of fact discovery. To allow Google one additional week to respond to Interrogatory No. 19 will cause further delay and prejudice ACI by hindering its ability to respond to Google's opening invalidity expert report, which is due on August 28. Thus, ACI requests that the Court order Google to supplement its response by August 28, which coincides with the deadline for Google's opening invalidity expert report.

Google has also agreed to provide ACI information relating to certain documents produced by Google in this case. *See* Ex. 4, at 1 (agreeing to provide information regarding Exhibits 5-7, 13, 16, 18 of Roszak Deposition and Exhibit 5 of Shah Deposition). Given that the parties will need to document Google's responses in a stipulation, ACI requests that the Court order Google to provide the agreed-upon information as soon as possible, but in no event later than August 28, and order the parties to use their best efforts to negotiate a formal stipulation by no later than September 4.

Google has also agreed to produce certain documents requested by ACI prior to the close of fact discovery. *See, e.g.* Ex. 4. Given the difficulties ACI has encountered thus far in obtaining discovery from Google, ACI requests that the Court order Google to provide the requested documents pursuant to the agreement between the parties as soon as possible, but in no event later than September 4.

Respectfully submitted,

/s/ Brian E. Farnan

Brian E. Farnan

cc: Counsel of Record (via E-Mail)