# EXHIBIT 1
# FILED UNDER SEAL

**REDACTED**

# EXHIBIT 2
# FILED UNDER SEAL

**REDACTED**

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ART+COM INNOVATIONPOOL GMBH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 14-217 (RGA) |
| | ) |
| GOOGLE INC., | ) |
| | ) |
| Defendant. | ) |

**GOOGLE'S FIRST SUPPLEMENTAL OBJECTIONS AND
RESPONSES TO PLAINTIFF'S THIRD SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS AND THINGS (NOS. 98-101)**

Pursuant to Rules 26 and 34 of the Federal Rule of Civil Procedure, Defendant Google Inc. ("Google") supplements its responses and/or objections to Plaintiff ART+COM Innovationpool GmbH's ("ACI") Third Set of Requests for Production of Documents and Things ("Requests") (Nos. 98-101) as follows:

**GENERAL OBJECTIONS**

1. Google's investigation concerning the information sought by the following Requests is continuing, and Google reserves the right to supplement, revise, amend, or modify its responses to these Requests.

2. Google responds to ACI's Requests as it interprets and understands each Request set forth therein. If ACI subsequently asserts an interpretation of a Request or sub- part thereof that differs from Google's understanding of that Request or sub-part thereof, Google reserves the right to supplement, revise, amend, or modify its objections and/or responses.

3. Each of Google's responses to ACI's Requests is subject to, and incorporates, the following General Objections. Google specifically incorporates each of these General Objections into its specific responses to each of ACI's Requests, whether or not each such

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer with ACI to narrow or reach a common understanding as to the appropriate scope of this Request such that it can produce non-privileged, non-duplicative responsive documents in its possession, custody, or control that it can identify through a reasonable search pursuant to the Federal Rules of Civil Procedure and applicable rules, the agreement between the parties regarding ESI, and orders of the Court.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 100:**

Google incorporates by reference its Response to Request For Production No. 100. Subject to and without waiving the foregoing General and Specific Objections, Google supplements its response as follows:

In view of the parties' meet and confer on April 2, 2015, Google will produce non-privileged responsive agreements in its possession, custody, or control directed to Thermopylae Sciences & Technology as referenced in GOOG_AC_00026754, to the extent such documents exist and have not already been produced, that it is able to identify through a reasonable search pursuant to the Federal Rules of Civil Procedure and applicable rules and orders of the Court, and subject to the agreement between the parties regarding ESI.

**DOCUMENT REQUEST NO. 101**

Documents and things related to any communications, discussions, negotiations, proposed agreements, or executed agreements with Apple regarding any licensing of any portion of the Google Maps or Google Earth technology platform for use on Apple products (including but not limited to iPhone and iPad products).

**RESPONSE TO DOCUMENT REQUEST NO. 101**

Without waiving its General Objections, which are specifically incorporated herein, Google specifically objects to the terms "related to," "any communications, discussions, negotiations, proposed agreements, or executed agreements with Apple," and "any licensing of any portion of the Google Maps or Google Earth technology platform for use on Apple products (including but not limited to iPhone and iPad products)" as overbroad, vague, and unduly burdensome. Google further objects to this Request as being overbroad and unduly burdensome to the extent it would require Google to investigate documents from all current and former Google employees, and particularly as to any former and current employees who are not involved in any manner with the accused technology. Google further objects to this Request as being overbroad and unduly burdensome to the extent it is unlimited as to time. To the extent that this Request seeks documents not related to the accused technology or claims and defenses

12

in this case, Google further objects to this Request as not reasonably calculated to lead to the discovery of admissible evidence. Google further objects to this Request to the extent it calls for information not relevant to the claim or defense of any party, not relevant to the subject matter of this action, and beyond the needs of this action.

Subject to and without waiving the foregoing General and Specific Objections, Google is willing to meet and confer with ACI to narrow or reach a common understanding as to the appropriate scope of this Request such that it can produce non-privileged, non-duplicative responsive documents in its possession, custody, or control that it can identify through a reasonable search pursuant to the Federal Rules of Civil Procedure and applicable rules, the agreement between the parties regarding ESI, and orders of the Court.

**FIRST SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 101:**

Google incorporates by reference its Response to Request For Production No. 101. Subject to and without waiving the foregoing General and Specific Objections, Google supplements its response as follows:

In view of the parties' meet and confer on April 2, 2015, Google will produce non-privileged responsive agreements in its possession, custody, or control directed to the licensing any Google Maps or Google Earth technology platform to Apple, to the extent such documents exist and have not already been produced, that it is able to identify through a reasonable search pursuant to the Federal Rules of Civil Procedure and applicable rules and orders of the Court, and subject to the agreement between the parties regarding ESI.

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Paul Saindon*

                                      Jack B. Blumenfeld (#1014)
                                      Paul Saindon (#5110)
                                      1201 North Market Street
                                      P.O. Box 1347
                                      Wilmington, DE  19899
                                      (302) 658-9200
                                      jblumenfeld@mnat.com
                                      psaindon@mnat.com

                                      *Attorneys for Defendant*

OF COUNSEL:

Cono A. Carrano
David C. Vondle
Ashraf A. Fawzy
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
(202) 887-4000

May 6, 2015
9129807

14

# EXHIBIT 4

# FILED UNDER SEAL

# Thomas, Lisa Maria

| | |
|---|---|
| **From:** | Vondle, David <dvondle@akingump.com> |
| **Sent:** | Tuesday, August 18, 2015 1:24 PM |
| **To:** | Alfaro, Natalie; Carrano, Cono; Fawzy, Ashraf; EXT Blumenfeld, Jack |
| **Cc:** | Farnan, Brian E. (External); mfarnan@farnanlaw.com; DL Art+Com vs Google |
| **Subject:** | RE: ACI v. Google: Summary of Meet & Confer on July 21, 2015 |

Natalie,

Please find our responses to the topics you raised in your email in the order in which they appear:

- For the Roszak and Shah depositions, we are willing to provide information relating to the deposition exhibits you identified below, provided that Google can reasonably locate and provide the requested information.

- The requested additional depositions of Messrs. Birch and Hanke are unwarranted and unnecessary.

- As noted, we will supplement our response to Interrogatory No. 19, and will do so on or before September 6, 2015.

- For Interrogatory Nos. 20 and 21, we proposed a reasonable compromise that we believe would have resolved this issue.  Given that ACI will not agree to that proposal and will continue to pursue discovery into the Other Google Domains, it appears the parties are not in agreement for these interrogatories.

- We will agree to have Mr. Bailly attempt to locate the email he referred to in his deposition and will produce it to the extent it exists.

Best regards,

David

---

**From:** natalie.alfaro@bakerbotts.com [mailto:natalie.alfaro@bakerbotts.com]
**Sent:** Monday, August 17, 2015 7:56 PM
**To:** Vondle, David; Carrano, Cono; Fawzy, Ashraf; Blumenfeld, Jack (External)

1

**Cc:** Farnan, Brian E. (External); mfarnan@farnanlaw.com; DLArt+ComvsGoogle@bakerbotts.com
**Subject:** RE: ACI v. Google: Summary of Meet & Confer on July 21, 2015

David,

I take your email to mean Google is **not** conditioning resolution of ACI's outstanding discovery issues on ACI agreeing to an extension of fact discovery for certain third parties.  If that is the case, we may be able to resolve several of our open discovery issues.  Below is a summary of where we stand on ACI's outstanding discovery issues, assuming that we are attempting to resolve each issue individually.  Unless we hear otherwise from you by 10 am ET tomorrow, we will assume that we are at an impasse regarding the open issues noted below.

**<u>Roszak and Shah depositions:</u>**   We have narrowed our requests below and have provided additional details regarding each of our requests.  Based on the testimony cited below, it is clear Messrs. Roszak and Shah were unable to provide this information at their depositions.  If Google will not agree to provide this basic information via a stipulation, we intend to ask the Court for relief.  This is all information that Google should easily be able to confirm.  **Please let us know if you will agree to provide this information by tomorrow, August 18, 10am ET.**

**Birch and Hanke depositions:**   Our understanding is that Google cannot agree to additional depositions of Messrs. Birch and Hanke, and thus we are at an impasse on this issue.

**ACI Interrogatory No. 19:**  Google has agreed to supplement its response.  Please let us know when we should expect to receive your supplemental response.

**ACI Interrogatory Nos. 20 and 21:**  While your last email noted you are still looking into the information we requested for Maps, Chrome, and Toolbar, we note that ACI still intends to pursue its requests for information regarding Other Google Domains, an issue which is already pending before the Court.  If Google's compromise is conditioned on ACI dropping its requests for information related to Other Google Domains, ACI cannot agree to that.  If that is the case, we are at an impasse on this issue.   **Please let us know by tomorrow, August 18, 10am ET Google's final position on this issue.**

 **Hanke deposition documents:**

**Roszak deposition documents:**

**Email mentioned in Bailly deposition**:  You indicated you would attempt to locate this particular email in your custodial production.  You also indicated you were open to contacting Mr. Bailly to locate this email.  Is Google agreeing to do so and produce any additional documents/emails underlying Mr. Bailly's analysis without conditioning such production on any other agreements between the parties? **Please let us know by tomorrow, August 18, 10am ET, Google's position on this issue.**

Google has agreed to produce the following documents and/or agreements (once the necessary approvals have been obtained, if applicable):

Thanks,
Natalie

---

**From:** Vondle, David [mailto:dvondle@akingump.com]
**Sent:** Monday, August 17, 2015 3:19 PM
**To:** Alfaro, Natalie; Carrano, Cono; Fawzy, Ashraf; EXT Blumenfeld, Jack
**Cc:** Farnan, Brian E. (External); mfarnan@farnanlaw.com; DL Art+Com vs Google
**Subject:** RE: ACI v. Google: Summary of Meet & Confer on July 21, 2015


Natalie,

 As you know, we have been open to negotiating any outstanding discovery issues in an effort to avoid burdening Judge Andrews with any additional disputes.  We understand your position to be that you are not willing to compromise on the issue we have raised about a limited extension of fact discovery for certain third parties (Stephen Lau, ACM SIGGRAPH, and DTIC).  Let us know your position on the other issues discussed below so that we can continue attempting to reduce the issues, if possible, that will be presented to Judge Andrews this week.

Best regards,

David

---

**From:** natalie.alfaro@bakerbotts.com [mailto:natalie.alfaro@bakerbotts.com]
**Sent:** Friday, August 14, 2015 6:03 PM
**To:** Vondle, David; Carrano, Cono; Fawzy, Ashraf; Blumenfeld, Jack (External)
**Cc:** Farnan, Brian E. (External); mfarnan@farnanlaw.com; DLArt+ComvsGoogle@bakerbotts.com
**Subject:** RE: ACI v. Google: Summary of Meet & Confer on July 21, 2015

David,

It appears that Google is conditioning resolution of many of ACI's outstanding discovery issues on ACI agreeing to "extend discovery for the three prior art subpoenas (Stephen Lau, ACM-SIGGRAPH, and DTIC) for two weeks, and to allow the supplementation of expert reports to reflect this discovery."  If that is not the case, please let us know so that we can consider each of Google's proposals individually.

After further consideration, ACI cannot agree to an extension of fact discovery for the third-party subpoenas mentioned in your email.  As we've stated before, ACI stands by the objections made in our letter to the Court in response to your previous request for an extension of third-party fact discovery.

Given that Google's proposal for an "omnibus agreement" appears to be conditioned on this one extension that ACI opposes, please let us know Google's final position with respect to the remaining open issues.  If we are not able to resolve our open discovery issues by Monday, we will need to move forward in requesting relief from the Court.

Thanks,