Morris, Nichols, Arsht & Tunnell llp

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware  19899-1347

(302) 658-9200
(302) 658-3989 FAX

Jack B. Blumenfeld
(302) 351-9291
(302) 425-3012 FAX
jblumenfeld@mnat.com

Original Filing Date:  October 7, 2015

Redacted Filing Date:  October 14, 2015

**REDACTED -- PUBLIC VERSION**

The Honorable Richard G. Andrews                                         *VIA ELECTRONIC FILING*
United States District Court
  for the District of Delaware
844 North King Street
Wilmington, DE  19801

      Re:  *Art+Com Innovationpool GmbH v. Google Inc.,* C.A. No. 14-217 (RGA)

Dear Judge Andrews:

      Google submits this response to ACI's letter regarding an alleged "discovery dispute." This is not a discovery dispute.[1] Rather, ACI seeks an unwarranted sanction to exclude evidence.

**I.     Background**

      Mr. Lau is the inventor of SRI International's TerraVision system, which Google asserts as prior art, and the author of several publications describing that system and related technology. He is also the only known person with substantive knowledge of the system design, development, and attendant activities of this prior art, all of which occurred over 20 years ago. Further, he had contact with the named inventors of the patent-in-suit and their alleged invention prior to the filing date of the patent-in-suit. ACI has been aware of the TerraVision System and Mr. Lau at least since 1995. Ex. A at ACI_0006990-91.

      At the outset of this case, in June 2014, Google's litigation counsel (Akin Gump) engaged Mr. Lau to serve as a consultant and disclosed him in its Initial Disclosures.[2] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1]     Without waiver of any privilege, Akin Gump has produced all requested discovery related to Mr. Lau and his compensation (▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮nd has agreed to provide any future invoices from Mr. Lau. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[2]     Google identified Mr. Lau as an individual who "may have knowledge regarding the prior art relating to the [asserted] patent" and stated that "Mr. Lau is to be contacted only through Google's counsel of record." Ex. D at p. 8.



In 2006, Google had also hired Mr. Lau as a consultant in connection with a different case. *See Skyline Software Sys. v. Keyhole, Inc. and Google, Inc.,* No. 04-11129 (N. D. Cal. 2006). In that case, Mr. Lau testified regarding his knowledge of TerraVision.

## II.   Mr. Lau's Consulting Agreement is Permissible under the Rules of Ethics.

A fact witness may be compensated for the time he has lost to give testimony in litigation, as well as reasonable expenses incurred for attending deposition or trial. ABA Model Rule 3.4(b), which applies in this Court, provides that a lawyer shall not "offer an inducement to a witness that is prohibited by the law." *See also* D. Del. L.R. 83.6(d)(2). The Comments to the rule clarify that "it is not improper to pay a witnesses expenses…." Delaware's Rule 3.4(b) of Professional Conduct is substantively the same as the ABA Model Rule.

According to the ABA Ethics Committee, a fact witness may be compensated for time spent in attending a deposition or trial; time spent in meeting with lawyers to prepare for such testimony; and time spent in "reviewing and researching records that are germane to his or her testimony." ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 96-402 (1996). Likewise, the Delaware Ethics Committee has confirmed that a fact witness may be properly compensated for lost time. Del. State Bar Assoc. Comm. on Prof'l Ethics Op. 2003–3, at pp. 9-10 (Aug. 14, 2003). The compensation should be the normal rate for the witness' consulting work or his hourly wages. *Id.* at 9. Witnesses may also be compensated for their reasonable expenses. *Id.* at pp. 6-7.

Here, Mr. Lau's consulting arrangement is in complete compliance with the rules. That Mr. Lau's rate may be higher than his regular salary or his consulting rate almost 10 years ago is not determinative, as a "lawyer must determine the reasonable value of the witness's time based on all relevant

The Honorable Richard G. Andrews
October 7, 2015
Page 3

circumstances." *Id*. at 10. ███████████████████████████████████████████████
████████████████████████████████████████████████████████████ ACI's claim that he changed his testimony since the *Skyline* case ignores any number of reasonable explanations, which ACI failed to ask Mr. Lau about during the deposition. A witness' potentially inconsistent statement does not render the testimony improper or inadmissible. Indeed, witnesses' memories fade over time.  Mr. Lau was deposed for three days in the *Skyline* case and for one day in this case, almost 10 years later. ███████████████████████████████████████████████████
████████████████████████████████████████████████████████████████

      ACI does not cite any Delaware case on point, and relies on cases that present distinguishable facts.  In *Rocheux Int'l of New Jersey, Inc. v. U.S. Merchants Financial Grp., Inc.,* No. 06-6147, 2009 WL 3246837 (D.N.J. Oct. 5, 2009), the witness was a disgruntled former employee of the defendant who contacted the plaintiff "offering allegedly damaging testimony regarding that Defendant's business practices in exchange for a fee" and the plaintiff's attorney "arranged for payment of more than $4,000 to [the witness] for his testimony." *Id*. at 1.  The plaintiff's attorney designated the witness as a testifying expert, despite the factual nature of his testimony and that he submitted no expert reports.  *Id.* at 3-4.  The court determined that plaintiff's counsel designated the witness as an expert solely to justify paying him a fee, and that the fee "most certainly did not compensate for his costs of attending trial or lost time during trial." *Id*. at 5.  Thus, the Court precluded his testimony.

      ACI also relies on *Golden Door Jewelry Creations Inc. v. Lloyds Underwriters Non-Marine Ass'n*, 865 F.Supp. 1516 (S.D. Fl. Oct. 17, 1994).  The court there found that the defendant's "willingness to pay <u>was contingent</u> on the condition that the testimony <u>had to be helpful</u> to [the defendant's] defense…" *Id.* at 1527. (emphases added)

      Here, Google has not designated Mr. Lau as a testifying expert, but as an individual who may have relevant factual information regarding prior art.  There is no allegation that Mr. Lau has been paid "substantial amounts of money" or that the compensation has influenced the testimony that he has provided.  Mr. Lau will be compensated at his regular hourly consulting rate and his testimony does not depend on the outcome of this case.

      **III.    The Exclusion of Mr. Lau's Testimony is Not Warranted**

      ACI's request to exclude Mr. Lau's testimony should be denied.  The Third Circuit has cautioned that "the exclusion of critical evidence is an 'extreme' sanction . . . not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order." *Meyers v. Pennypack Woods Home Ownership Assn.*, 559 F. 2d 894, 905 (3d Cir. 1977).  Any inquiry regarding Mr. Lau's compensation can be addressed during cross examination. *See, e.g*., *Bayer Ag v. Housey Pharm., Inc*., C. A. No. 01–148, 2013 WL 31433303, at *2 (D. Del. June 20, 2002) ("to the extent that any of these witnesses will be called at trial . . . defendant is entitled to fully explore the witnesses' bias, including their compensation and what, if any, work they have been hired to perform in connection with this and related litigation"); *Finjan, Inc. v. Symantec Corp*., C.A. No. 10–593, 2013 WL 5302560, at *39 (D. Del. Sept. 19, 2013) (denying  motion for attorney's fees due to in part allegations that fact witnesses had a financial stake in the outcome and noting that witnesses were already questioned on cross-examination as to their consulting work).  Thus, there is no basis to exclude Mr. Lau's testimony.

The Honorable Richard G. Andrews
October 7, 2015
Page 4

                                                Respectfully,

                                                */s/ Jack B. Blumenfeld*

                                                Jack B. Blumenfeld (#1014)

JBB/dlw
Enclosure
cc:     Clerk of Court (Via Hand Delivery; w/ encl.)
        All Counsel of Record (Via Electronic Mail; w/ encl.)