# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ART+COM Innovationpool GmbH, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 14-cv-217-TBD |
| | ) | |
| vs. | ) | |
| | ) | |
| Google Inc., | ) | |
| | ) | |
| Defendant. | ) | |

**PRELIMINARY JURY INSTRUCTIONS**

**1.     Introduction**[1]

You have now been sworn as the jury in this case. At the end of this trial, it will be your job to decide the facts based on the evidence you heard and saw. I will give you instructions on the law and procedure that you should follow in making your decision. But I do not decide the facts. That is for you to do.

This case involves a dispute relating to a United States patent.  We are now going to watch a short video prepared by the Federal Judicial Center titled "An Introduction to the Patent System."  This is a video designed to be shown to jurors in patent jury trials and contains important background information intended to help jurors understand what patents are, why they are needed, how inventors get them, the role of the United States Patent and Trademark Office, which we may refer to as the "Patent Office" or "PTO," why disputes over patents arise, and what the role of the jury is in deciding those disputes.

Also, you have been given a copy of a sample patent in Tab __ of your juror notebook.  It is not a real patent, but it will be referred to during the video and will give you an idea of what the parts of a patent are.

[**Play the Federal Judicial Center November 2013 Presentation: The Patent Process: An Overview for Jurors by the Hon. Jeremy Fogel**]

The first phase of the trial will be opening statements, in which the lawyers will preview the case and prepare you for the evidence, which is the main phase of the trial. First, ACI, the plaintiff who brought this suit, will have the opportunity to call witnesses and present evidence. Then Google, the defendant being sued, will have an opportunity to do the same thing. After Google's case, ACI will present rebuttal evidence[Google's proposes, ACI opposes: responding

---

[1] Preliminary instructions are based on those given in *Immersion Corp. v. HTC Corp.*, C.A. 12-259-TBD, United States District Court for the District of Delaware.  Proposed additions, which address induced infringement and the fact that the patent in suit is a reissue, are italicized.

to Google's evidence that the claims of the '550 patent are invalid]. When all the evidence has been presented, the lawyers will give their closing arguments. Finally, after I give you some instructions on the law and procedure that will guide your decision, you will go off to deliberate on a verdict. That will go on as long as it takes you to reach a verdict. The trial is expected to take about five days. Each trial day will last from 9:00 to 5:00 with a lunch break for about an hour and two 15-minute breaks in the morning and afternoon. Lunch for the jury will be provided so you will not have to leave the building. I expect that you will be able to begin deliberations after lunch on Friday.

### 2. The parties and the nature of the case

Before we begin, I am going to give you some preliminary instructions to guide you. As I mentioned, the Plaintiff who brought this case is Art+Com Innovationpool, which I will call "ACI" for short. The party being sued is the Defendant, Google Inc., which I will call "Google" for short. As you know, the suit is for patent infringement. That means ACI asserts Google is infringing its patent. Google asserts two defenses: first, it asserts that it is not infringing ACI's patent, and second, it asserts that ACI's patent is invalid. You will hear evidence about both issues, infringement and invalidity.

### 3. Evidence

What do I mean by evidence? The evidence in this case will consist of sworn testimony from witnesses, exhibits received into evidence, and stipulations made by the parties. Some of the witness testimony will be given by witnesses who appear here in person. Some of the witness testimony will be introduced in the form of depositions, which are basically videotapes of earlier question and answer sessions with the witness given under oath. Those substitute for live witness testimony. You should treat deposition testimony the same as any other testimony. I also mentioned exhibits; those are simply documents or products or devices used as evidence. A

stipulation is an agreement about a fact; if the parties' lawyers have stipulated that a fact is true, you should accept that and think nothing further of it. One last thing about the evidence: Statements and arguments of the lawyers are not evidence. The lawyers may suggest how you should interpret the evidence, and you may or may not agree, but their statements and arguments are not themselves evidence. That includes opening statements and closing arguments as well as questions to the witnesses.

Now, evidence must be admitted in order for you to consider it. When I say "admitted into evidence" or "received into evidence," I mean that you may consider a particular statement or a particular exhibit in making the decisions you must make at the end of the case. You are to consider only the evidence that has been admitted in the case. You may draw, from the facts that you find have been proven, any reasonable inferences or conclusions as you feel are justified in light of your experience. From time to time during the trial, one or the other party may object to the introduction of evidence. I will rule on those objections, but you should not infer that I have any opinions on the facts of the case, or that I favor one side or the other. If I "overrule" an objection, I am permitting that evidence to be introduced, and you should not think anything of the fact that it was objected to. On the other hand, if I "sustain" an objection, I am excluding that evidence from trial. Do not worry about why; it could be any number of reasons, and do not spend your time wondering about what a witness or a document might have said. If I tell you that evidence is only admitted for a limited purpose, consider it only for that purpose and not others. Finally, if inadmissible evidence is introduced before I can prevent it, I may have to order it "stricken," and you must entirely ignore it.

During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly

and as conveniently for you as I can, but you should remember that they are a necessary part of any trial. It is also my duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. Do not draw any inferences against the party whom I caution or warn during the trial.

Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions. At the end of the trial, you will have to make your decision based on what you recall of the evidence. Any exhibits used in the trial will be available to you during your deliberations. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations, although you can request a particular portion of a witness's testimony to be read. It is difficult and time consuming for the reporter to read back lengthy portions of the testimony, so the opportunity to have testimony read back is quite limited. I urge you to pay close attention as the testimony is given.

**4.     Confidentiality**

Until this trial is over, do not discuss the case with anyone and do not allow anyone else to discuss the case in your presence. This includes your family and friends. Hold yourself apart from the people involved in the case—the parties, the witnesses, the attorneys, and anyone associated with them. If anyone should try to discuss the case with you or otherwise approach you about the case, you should inform me immediately. Do not even discuss the case with your fellow jurors until you have all assembled for deliberations at the end of the case.

The trial lawyers in particular are not allowed to speak with you during the case. When you see them at a recess or pass them in the halls, they may not speak to you. They are not being rude; they are simply following my instructions. It is fine to say good morning if you are riding up in the elevator together, but you should not say anything more. The lawyers will also not be

allowed to speak with you after the case is over, unless I give permission, which I will only do if there is an exceptional circumstance justifying it.

If any of you use social networks like Facebook or Twitter, do not discuss, mention, or post updates of any kind regarding the trial in this case. You can tell people about your experience after the case is over. Likewise, do not send any text messages or emails about the case, or discuss it over the telephone. I will allow you to have your cell phones at the courthouse, but you must leave them in the jury room during the trial and not bring them into the courtroom. You may certainly use them during lunch break or recesses to call or text your family to say, for example, that you are going to be a few minutes late today. But you may not discuss the case.

You are also not allowed to do any research into any fact or issue related to the case. You should not go on the Internet to learn more about the case, the parties, the lawyers, or patent law. Do not watch or read any news accounts of the trial, should you come across them.

The reason for all this is that you are to be guided solely by what you see and hear at this trial in the courtroom. This is an important part of our civil justice system. If two parties disagree, they can bring their dispute to court and obtain a verdict from a fair and impartial jury.

**5.      Juror notebooks**

The courtroom deputy will now distribute your jury notebooks. You are free to use them to take notes at any point during the trial. Everything you write will be kept confidential; at the end of each day, you will give it to the court security officer, who will keep it overnight, and at the end of the trial your notes will be shredded. You do not have to take notes, but you may, if you wish to. If you do take notes, be careful not to get so involved that you become distracted and miss part of the testimony.

In addition to some blank pages for notes, you will find in your notebooks a copy of the patent at issue, a List of Patent Claims, the court's construction of certain claim terms, a

Glossary of Patent Terms, and question sheets. Sheets with pictures of the witnesses will be distributed before a witness testifies. I will explain more about those documents as we go along. You can put the notebooks away for now.

**6.      Jury questions**

Normally during trials only the lawyers are allowed to ask questions of the witnesses. In this case, however, I am going to allow you to ask questions as well. But there will be a very specific process so that it is neutral, and the lawyers do not know which juror has asked the question. If there is something you would like to ask during a witness's testimony, write it down on one of the question forms in the back pocket of your notebook. At the end of each witness's testimony I will ask each of you to pass your form to the bailiff.  You should pass up your form even if it is blank; that way the lawyers do not know who asked the question, if there is one. There is no need to put your name down.

I will then review the questions, if there are any, and determine whether any should be asked. Do not be offended if I do not think your question should be asked. There may be any number of reasons for that, and you should not worry about it. If I decide a question should be asked, I will review it with the lawyers and rule on any objections. Then I will ask the question to the witness. I may alter the wording of your question. After the witness has answered all of the jurors' questions, I will then allow the attorneys, if they desire, to ask any follow-up questions.

Please do not feel compelled to ask a question. But do not be afraid to ask a question if you think it would be helpful. Your questions should be limited to the testimony you just heard from that witness.

**7.      Patents**

Now, a little bit about patents. You have just seen a video on the topic. [ACI proposal: As you probably know, patents are granted to inventors by the Patent and Trademark Office, or

7

PTO. In order to get a patent, the inventor files an application with the PTO. If the PTO's patent examiners conclude that the invention is patentable, they will grant a patent. The patent allows its holder to prevent others from making, using, or selling the patented invention. They can also prevent others from offering the patented invention for sale or importing it into the U.S. When someone does one of those things without the patent owner's permission, it is called infringement. The patent holder can enforce the patent against infringers by suing them in federal court. Immersion has done that here.

On the other hand, everyone has the right to use existing knowledge and principles. A patent cannot remove from the public the ability to use what was known or obvious before the invention was made or protection was sought. If the patent does that, it is invalid. Google contends here that the claims asserted by ACI are invalid.

The process of obtaining a patent is called patent prosecution. To obtain a patent, one must file an application with the PTO. The PTO is an agency of the federal government and employs trained examiners who review applications for patents. But the PTO is not infallible, and the issuance of a patent is not conclusive as to the patent's validity. The application includes a section called the "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, and how to make and use it, in such full, clear, concise, and exact terms so that others skilled in the field, including competitors, will know how to make and use it without undue experimentation. The specification concludes with one or more numbered sentences. These are the patent "claims."

After the applicant files a patent application, a PTO patent examiner reviews it to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner may review "prior

art." Prior art is defined by law, and, at a later time, I will give you specific instructions on what constitutes prior art. In general, though, prior art includes things that existed before the claimed invention, that were publicly known or used in this country, or that were patented or described in a publication in any country. The examiner considers, among other things, whether each claim defines an invention that is new, useful, and not obvious when compared with the prior art. A patent lists the prior art the examiner considered; this list is called the "cited references." The cited references include the prior art found by the examiner as well as any prior art submitted to the PTO by the applicant.

The process by which a patent is granted, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner believes that the application and claims meet the requirements for a patent. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history."

If the patent is eventually granted by the PTO, the claims will define the boundaries of its protection and give notice to the public of those boundaries. The granting of a patent by the PTO carries with it the presumption that the patent is valid. From the issuance of a patent, it is presumed that the subject matter of the patent is new, useful, and constitutes an advance that was not, at the time the invention was made, obvious to one of ordinary skill in the art. On the other hand, just because the PTO grants a patent does not necessarily mean that any invention claimed in the patent is, in fact, legally entitled to the protection of a patent. One or more claims may, in fact, not be patentable under the law.][Google proposal: As you just heard, the claims of a patent define the boundaries of its protection and give notice to the public of those boundaries.] It is the job of the jury to determine if a patent is infringed and valid. A person accused of infringement

9

has the right to argue here in federal court that a claimed invention in the patent is not entitled to patent protection because it does not meet the requirements for a patent. In other words, an accused infringer may defend a suit for patent infringement on the grounds that the patent is invalid. Google asserts that the claims that are the subject of this infringement suit are not valid. It is your job to consider the evidence presented by the parties and determine whether Google has proven the patents are not valid by clear and convincing evidence.

To help you follow the evidence, I will now give you a summary of the positions of the parties. As I mentioned, the parties in this case are ACI, who is the plaintiff, and Google, who is the defendant. The case involves a patent owned by ACI, United States Patent No. RE44,550. For convenience, the parties and I will often refer to this patent by the last three numbers of the patent number, namely, as the "'550 patent."

*After a patent is issued by the PTO, the owner of the patent can request that additional prosecution be performed. That request is called a reissue application. If the PTO again concludes from that additional back and forth that the reissue application meets legal requirements of a patent, the reissue application will result in a reissued patent. In this case, two reissue patents were granted after the original patent issued. The '550 patent is a "reissue" of a previous patent granted to ACI, namely Re. 41,428, which is itself a reissue of another patent previously granted to ACI, namely United States Patent No. 6,100,897.*

ACI alleges that Google has infringed certain claims of the '550 patent by using within the United States methods that ACI argues include all of the requirements of those claims. *ACI also argues that Google has actively induced infringement of these claims by others.* Google alleges that it does not infringe the asserted claims and that the asserted claims are invalid. There

10

are four claims involved here. To fulfill your duties as jurors, you must decide whether these four claims have been infringed, and whether those claims are invalid.

There are two ways to prove infringement: literal infringement and infringement under the doctrine of equivalents. For literal infringement, ACI must show that every limitation of the patent claim was met. Under the doctrine of equivalents, there is infringement if there are insubstantial differences between the claim and the method that is accused of infringing. But each claim limitation must be met either literally or by equivalents. *Even if Google itself does not itself directly infringe, it may indirectly infringe the '550 patent by inducing another person or entity to directly infringe.* I will provide you with more detailed instructions on equivalents *and induced infringement* after you have heard the evidence.

If you decide that any asserted claim has been infringed and is not invalid, you will then need to decide any money damages to be awarded to ACI to compensate for that infringement.

As I mentioned earlier, each of your notebooks contains a full copy of the '550 patent in suit. Let's take a moment to look at the '550 patent. The cover page of the patent identifies the date the patent was granted (October 22, 2013) and patent number (Re44,550) along the top, as well as the four inventors' names, the filing date (February 21, 2013), and a list of the references considered by the PTO (the "references cited"). *There is also a reference to both the previous reissue patent and the original patent. The original filing date in the United States was December 17, 1996 and that filing was based on an earlier filing in Germany on December 22, 1995.* The specification of the patent begins with an abstract, also found on the cover page. The abstract is a brief statement about the subject matter of the claimed invention. Next come the drawings. The drawings illustrate various aspects or features of the claimed invention. The written description of the claimed invention appears next (about 13 pages in) and is organized

into two columns on each page. The specification ends a few pages later with several numbered sentences. These are the patent claims.

The claims of a patent are the main focus of a patent case because the claims are what define the patent owner's rights under the law. That is, the claims define what the patent owner may exclude others from doing during the term of that patent. The claims of a patent serve two purposes. First, they set the boundaries of what the invention covers by the patent. Second, they provide notice to the public of what those boundaries are.

When a product or a process is accused of infringing a patent, as here, the patent claims are compared to the accused product or process to determine whether or not there is infringement. You will be comparing four claims of the '550 patent to the accused methods in this case, together with the court's construction of those claims. The claims are also at issue when the validity of a patent is challenged, as here, so you will also be comparing the four claims to what the prior art did or described.

Although the claims define the claimed invention, the parties may disagree as to what certain terms in the claims mean. When this happens, they ask the Court to interpret these terms in light of the patent as a whole. This is to help resolve their disagreement and to give you, the jury, guidance in applying the claims to the facts of the case.

And this happened here. Before trial, the parties came to the Court and presented disagreements over what certain words in these claims mean. And the Court resolved those disagreements by issuing claim constructions. The parties and their experts are required to use those constructions when presenting evidence, and you must also accept and apply them when you decide the issues of infringement and invalidity. In reaching your determination with respect to both infringement and invalidity, you must consider each claim separately. Following the

patents in your notebook, you will find the List of Patent Claims, which sets out the relevant claims along with the court's interpretation of certain terms in the claims. Claims 1, 3, 14 and 28 of the '550 patent are asserted in this case.

If you conclude that any of the claims is infringed and is not invalid, you will be asked to award damages. You will receive further instruction on damages at the conclusion of trial. By instructing you as to damages, I am not implying that damages should be awarded.

These claims are all listed in the List of Patent Claims I described earlier. After the List of Patent Claims, you will see the Glossary of Patent Terms. The Glossary contains some simple definitions of relevant terms, most of which I have just discussed. You may find it helpful to refer to those items from time to time during the trial. You may put away your notebooks now.

## 8.     Burdens of proof

I will now address the burdens and standards of proof required in this case. The burden of proof tells you which side has the burden to persuade you. The standard of proof tells you how strong the evidence must be to persuade you. In this case, the burdens and standards depend on the issue.

First, ACI, as the patent holder and plaintiff, bears the burden of proving that Google has infringed its patent. It has to do so by a "preponderance of evidence," which means that it has to show that it's more probable than not that Google infringes. If you think the evidence on infringement is evenly balanced, then Google wins on that issue. If you conclude that ACI has established infringement, ACI also bears the burden of proving any damages from Google's infringement, again by a "preponderance of the evidence."

On the other hand, Google, as the party challenging the validity of the patents, bears the burden of proving invalidity of the claims. And it has to prove that by "clear and convincing evidence." Proof by clear and convincing evidence is evidence that produces in your mind a firm

belief or conviction that the claim or defense has been proven. "Clear and convincing evidence" is a higher standard than "preponderance of evidence." On the other hand, it is not as high as the "beyond a reasonable doubt" standard that the prosecution has to satisfy in a criminal case.

In deciding whether the parties have met their burdens of proof under the appropriate standard, you should consider all of the evidence, regardless of which party presented it.

### 9.     Compliance

Finally, I need to emphasize that violating this court's instructions would be a very serious matter. As you can see, a great deal of time, effort, and money has gone into getting this case ready for trial, and into trying it fairly and impartially before you. If you were to violate the court's instructions, it could place all of that into jeopardy, and we might have to go back and do it all over again. So please follow my instructions to the best of your ability.