IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ART+COM INNOVATIONPOOL GMBH,<br><br>*Plaintiff*,<br><br>v.<br><br>GOOGLE INC.,<br><br>*Defendant*. | Civil Action No. 1:14-217-TBD |

**MEMORANDUM ORDER**

Before the court are Plaintiff ART+COM Innovationpool GmbH's ("ART+COM" or "ACI") Motion in Limine #1 (D.I. 365-13 at PageID 10290), Google Inc.'s ("Google") opposition (D.I. 365-13 at PageID 10308), ACI's reply (D.I. 365-13 at PageID 10334), ACI's Supplemental Claim Construction Brief (D.I. 386), and Google's Supplemental Claim Construction Brief (D.I. 384). For the reasons stated below, and the court having heard oral argument, **IT IS HEREBY ORDERED THAT**: ART+COM's Motion in Limine #1 is **GRANTED-IN-PART** with respect to step (e) of claim 1 of U.S. Patent No. RE44,550 ("the '550 patent").

As the court previously discussed, ACI's Motion in Limine #1 seeks to bar certain testimony by Google's technical expert, Dr. Michael Goodchild, that ACI argues is inconsistent with the court's claim construction of the '550 patent. D.I. 382 at 1. The court concluded that ACI's Motion in Limine #1 with respect to step (e) of claim 1 of the '550 patent effectively raised a new issue of claim construction that required resolution by the court. *Id.* It is improper for counsel to argue conflicting claim constructions to the jury. *CytoLogix Corp. v. Ventana Med.*

1

*Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005). And "[w]hen the parties raise an actual dispute regarding the proper scope of [patent] claims, the court, not the jury, must resolve that dispute." *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008). Therefore the court found that further claim construction was necessary as to step (e) of claim 1 of the '550 patent, and ordered supplemental claim construction briefing. D.I. 382 at 2.

Claim 1 of the '550 patent is a method claim. '550 patent col. 10 l. 16. Step (e) of claim 1 requires "representing the data for the field of view in a pictorial representation having one or more sections." *Id.* at col. 10 ll. 30–31. The court construed step (e) to require "displaying the data for the field of view in a pictorial representation having one or more sections." D.I. 148 at 15. The court noted, however, that its construction "allows for further processing and does not require the display to be an image." D.I. 148 at 17.

Google now urges the court to construe step (e) to require "displaying on a screen the data for the field of view in a pictorial representation . . . ." D.I. 384 at 1. Under this construction, Google Earth software would not perform step (e) because it does not "display" anything— rather, third-party software, firmware, and hardware would perform the "displaying" step. D.I. 384 at 1. ACI argues that the ordinary meaning of the term "representing" is "broad enough to include 'symbolizing' or to 'stand for.' . . . [T]he first item must be directly related to and stand for, or be a reasonable proxy for, the later item." D.I. 386 at 2 (citing *Tehrani v. Hamilton Med., Inc.*, 331 F.3d 1355, 1361 (Fed. Cir. 2003) (construing the ordinary meaning of "representing")). According to ACI, when applications like Google Earth hand off constructed images of an object to third-party software or firmware, those constructed images are "representing" the ultimate, viewable image displayed to the user. D.I. 386 at 2.

I agree with ACI that the ordinary meaning of "representing" is broader than "displaying on a screen" and can include symbolizing, standing for, or being a reasonable proxy for a subsequent viewable image. Relevant to the court's construction are the specification and prosecution history. The "specification is always highly relevant to the claim construction analysis." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1315 (Fed. Cir. 2005) (en banc) (internal quotation marks and citation omitted). "In addition to consulting the specification, . . . a court should also consider the patent's prosecution history, if it is in evidence." *Id.* at 1317 (internal quotation marks and citation omitted); *see also Graham v. John Deere Co.*, 383 U.S. 1, 33 (1966) ("[A]n invention is construed not only in the light of the claims, but also with reference to the file wrapper or prosecution history in the Patent Office.").

Google is correct that the specification describes a device that embodies the invention as including a "display unit." *See, e.g.*, '550 patent col. 2 ll. 44–51 ("The device according to the invention for carrying out this method accordingly comprises a display unit . . . ."); *id.* at col. 7 ll. 16–19 ("all of the image data required for representation are transmitted to the display device"); *id.* at col. 6, ll. 16–18 (describing Fig. 1 as "a device according to the invention for displaying geographically related data of the earth"). At various stages of the prosecution of the original patent (U.S. Patent No. 6,100,897 ("the '897 patent")),[1] the applicant included device claims, which recited a display unit. *See* Preliminary Amendment of Jan. 20, 2000 (D.I. 389-5 at 30) (canceling amended original claims 1-37).[2] The withdrawn device claims required "at least one

---

[1] The '550 patent is a reissue of U.S. Patent No. RE41,428, which is a reissue of U.S. Patent No. 6,100,897.

[2] Amended original claim 35, the sole independent device claim, required

> A device including at least one display unit for the pictorial representation of space-related data of a selectable object with an optimal pre-set image resolution, the representation corresponding to the view of the object by an observer with a selectable location and a selectable direction of view, said

3

display unit for the pictorial representation of space-related data." Amendment of October 15, 1998 (D.I. 389-4 at 4).

However, step (e) does not use the word "displaying" or refer to a "display unit," though "display," "display unit," and "displaying" are used elsewhere in the specification. It is significant that step (e) does not include a "display" or "displaying" requirement, unlike the withdrawn device claims. The omission of "display" language in claim 1 is conclusive evidence that visual "display" and "displaying" are not part of the claim. Claim 1 does not include displaying on a device using generic software or firmware normally included in the device. Also, as ACI argues, the specification states that prior art applications such as paintboxes and electronic maps provide representations of geographic data not in a format appropriate for immediate visual display and output to "generic low-level third party software and/or firmware" for standard processing. *See* D.I. 386-1 at 3.

For the foregoing reasons, the court amends its prior claim construction, D.I. 148 at 15, and construes step (e) to require "providing and organizing[3] the data necessary for displaying the field of view in a pictorial representation having one or more sections. However, the method of claim 1 does not include the final step of displaying the visual image to the user, using the hardware of a display device or using generic graphics software or firmware associated with that display device." Despite the change in language, this construction is faithful to the meaning of

---

device comprising at least one input medium for input of the location and/or of the direction of view of the observer, a plurality of spatially distributed data sources, at least one central data memory, a data transmission network for data transmission between each of the spatially distributed data memories and the central memory, and at least one device for determining the representation of the centrally stored space-related data.

Amendment of October 15, 1998 (D.I. 389-4 at 4).

[3] "[A]nd organizing" is added to the court's oral construction of May 19, 2016.

4

the court's prior construction, which "allow[ed] for further processing and [did] not require the display to be an image." D.I. 148 at 16–17.

ACI's Motion in Limine #1 is **GRANTED-IN-PART**. Dr. Goodchild shall not provide testimony contrary to the court's claim construction set forth herein.

It is **SO ORDERED** this 20th day of May, 2016.

_____
Honorable Timothy B. Dyk
United States Circuit Judge, sitting by designation