IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ART+COM INNOVATIONPOOL GMBH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 14-217 (TBD) |
| | ) | |
| GOOGLE INC., | ) | |
| | ) | |
| Defendant. | ) | |

**GOOGLE INC.'S BRIEF REGARDING
HYPOTHETICAL NEGOTIATION DATE OF JUNE 2005**

<div style="margin-left:40%">

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com

</div>

OF COUNSEL:

<div style="margin-left:40%">psaindon@mnat.com</div>

Darin W. Snyder

<div style="margin-left:40%">*Attorneys for Defendant Google Inc.*</div>

Brett J. Williamson
Luann L. Simmons
David S. Almeling
Mark Liang
Mishima Alam
John X. Zhu
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
(415) 984-8700

May 25, 2016

On May 23, 2016, the Court tentatively ruled that June 2005 was the proper hypothetical negotiation date based on two facts: (1) the parent '897 Patent is not materially different than the asserted '550 Patent, and (2) there is no evidence that the original version of Google Earth released in 2005 materially differs from the accused versions.  Trial Tr. 401:6-15.  ACI concedes that it took no discovery on any version of Google Earth prior to 2008 (*id.* at 401:20-402:19), yet it continues to assert that 2010 is the proper date.  Google respectfully requests that the Court issue an order that June 2005 is the hypothetical negotiation date in this case and that ACI's damages expert, James Nawrocki, be precluded from testifying regarding a 2010 date.

The Court's tentative findings were correct.  The '897 Patent, which is the parent patent to the reissued '550 Patent asserted in this case, issued in August 2000.  There is no dispute that there are no material differences between the asserted claims of the reissued '550 Patent and the parent '897 Patent.  *See* Trial Tr. at 401:67-9 (Court's finding that "I don't see that the patent itself is materially different"); 620:3-9 (Dr. Castleman acknowledging that "neither [the] first nor the second reissue application made any substantive changes to Claim 1, such that it would make a difference as to whether Google is infringing").  And a reissue patent "shall constitute a continuation" of the original patent so long as "its claims are substantially identical with the original patent."  35 U.S.C. § 252.  Accordingly, the effective date of the '550 Patent is the issuance date of the original patent, not the issuance date of the '428 reissue patent.  *See Seattle Box Co. v. Industrial Crating & Packing, Inc.*, 731 F.2d 818, 827 (Fed. Cir. 1984) (reissue claims "reach back to the date the original patent issued").

Nor is there any meaningful dispute about the date of first alleged infringement.  Peter Birch, former product manager for Google Earth, testified that Google Earth was first made available to the public in June 2005.  Trial Tr. 657:13-23.  There is no evidence that

demonstrates Google Earth changed in any relevant way after that date. *See id.* at 160:19-23 (ACI stating evidence will show Google Earth was developed at Keyhole).  Google engineer John Rolhf, who was the tech lead for the Google Earth Client, testified that the "core" code of the Google Earth Client accused of infringement was shared across different platforms. *Id.* at 490:6-14.  And ACI's technical expert, Dr. Castleman, testified that all Google Earth products could be divided into three groups and that Group II included all products dating back to 2008— two years *before* Mr. Nawrocki's proposed hypothetical negotiation date—because the products all operated in the same way as relevant. *Id.* at 498:10-499:13; *see also* Exhibit 1 (Castleman Demonstrative at Slide 4).  To the extent ACI now disputes this, it has failed to carry its burden as plaintiff to show otherwise. *See WhitServe, LLC v. Computer Packages, Inc.*, 694 F.3d 10, 26 (Fed. Cir. 2012).  Consistent with Federal Circuit law, a hypothetical negotiation would have occurred in 2005, as there has been no testimony of material changes to Earth since its debut.

Further, ACI has alleged willful infringement based on Google's knowledge and alleged infringement of the *original* patent.  Its complaint alleges that "Google's knowledge of ACI's patent rights **identical in substance to those protected by the '550 patent**"—those in the '897 Patent—support a finding of willful infringement.  D.I. 9 (First Amended Complaint) ¶ 34 (emphasis added).  ACI also alleged that Google's failure to "follow through on terms for a business relationship and purchase of the '897 patent" in the summer of 2006, when ACI engaged in licensing discussions with Google regarding the '897 Patent, support a finding of willful infringement. *Id.*

In short, the '550 Patent "is enforceable against infringing activity that occurred after the issuance of the original patent" in August 2000. *Predicate Logic, Inc. v. Distributive Software, Inc.*, 544 F.3d 1298, (Fed. Cir. 2008).  And assuming the claims are valid and infringed, ACI

may "recover damages for pre-reissue infringement." *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1566 n.10 (Fed. Cir. 1993).   Because Google Earth launched in June 2005 (after the issuance date of the original patent), that is the date the alleged infringement began and the correct date for the hypothetical negotiation as a matter of law.

Accordingly, Mr. Nawrocki's testimony regarding a hypothetical negotiation date other than 2005 is "irrelevant" and "cannot support the jury's verdict." *Unisplay, S.A. v. Am. Electronic Sign Co., Inc.*, 69 F.3d 512, 518 (Fed. Cir. 1995); *see also LaserDynamics Inc. v. Quanta Computer, Inc.,* 694 F.3d 51, 76 (Fed. Cir. 2012) (remanding "[b]ecause our decision alters the time period" of hypothetical negotiation).  Mr. Nawrocki's error is especially egregious here because the difference of five years would have produced "drastically different" hypothetical negotiations. *Integra Lifesciences I, Ltd. v. Merck KGaA*, 331 F.3d 860, 870 (Fed. Cir. 2003), *vacated on other grounds by Merck KGaA v. Integra Lifesciences I, Ltd.*, 545 U.S. 193 (2005).  Even "a year can make a great difference in economic risks and rewards," and the considerations that would have been relevant to a hypothetical negotiation in 2005 are far different from the considerations that would have been relevant in 2010.  *Id.*  As briefed in Google's *Daubert* motion and related motion for reargument, the bulk of the starting point for Mr. Nawrocki's rate calculation consists of products that are not accused of infringement and did not exist in 2005.  *See* D.I. 258, 308, 359.  In other words, the centerpiece of Mr. Nawrocki's damages theory would have been virtually if not completely irrelevant to a negotiation in 2005. And the evidence Mr. Nawrocki relies on to support his damages theory consists of inflated and speculative forecasts from 2010 and 2011 that are highly prejudicial and should not be admitted.

ACI's proposed date of July 2010 is therefore a transparent effort to inflate its royalty rate.  ACI bases that date solely on the issue date of the second reissue patent—a date that has

nothing at all to do with when infringement allegedly began.  It is black-letter law that "[a] reasonable royalty determination for purposes of making a damages evaluation must relate to the time infringement occurred, and not be an after-the-fact assessment." *Unisplay,* 69 F.3d at 518. Indeed, the Federal Circuit has described "the necessity for return to the date when the infringement began" as the "key element in setting a reasonable royalty." *Wang Labs., Inc. v. Toshiba Corp.*, 993 F.2d 858, 870 (Fed. Cir. 1993) (citation and quotation marks omitted).

To the extent ACI contends plaintiffs can choose the hypothetical negotiation date by accusing only certain versions of an accused product, it is wrong.  The Federal Circuit has "been careful to distinguish the hypothetical negotiation date from other dates that trigger infringement liability," including the six-year limitation on recovery of past damages. *LaserDynamics*, 694 F.3d at 75.  Thus, "in the context of active inducement of infringement, a hypothetical negotiation is deemed to take place on the date of the first direct infringement" even if the plaintiff's allegations limit the inducer's liability to a later date (*e.g.*, the date the accused inducer learned of the patent). *Id.*  Regardless of whether damages are limited for other reasons, it is the date alleged infringement began that "is controlling in a hypothetical royalty determination." *Wang Labs.*, 993 F.2d at 870.

The bottom line is that "[t]he correct determination of this date is essential for properly assessing damages." *Integra*, 331 F.3d at 870.  ACI cannot game the system by choosing a negotiation date based on anything other than the date the alleged infringement began.  Were it otherwise, "the damages analysis would be skewed because, as a legal construct, [courts] seek to pin down how the prospective infringement might have been avoided via an out-of-court business solution." *LaserDynamics*, 694 F.3d at 76.  Because Mr. Nawrocki's analysis rests on a legally erroneous hypothetical negotiation date, the Court should exclude it.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Paul Saindon (#5110)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
psaindon@mnat.com

OF COUNSEL:

*Attorneys for Defendant Google Inc.*

Darin W. Snyder
Brett J. Williamson
Luann L. Simmons
David S. Almeling
Mark Liang
Mishima Alam
John X. Zhu
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA  94111
(415) 984-8700

May 25, 2016

## CERTIFICATE OF SERVICE

I hereby certify that on May 25, 2016, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on May 25, 2016, upon the following in the manner indicated:

Joseph J. Farnan, Jr., Esquire                                     *VIA ELECTRONIC MAIL*
Brian E. Farnan, Esquire
FARNAN LLP
919 North Market Street, 12th Floor
Wilmington, DE  19801
*Attorneys for Plaintiff*


Scott F. Partridge, Esquire                                      *VIA ELECTRONIC MAIL*
Lisa C. Kelly, Esquire
L. Gene Spears, Esquire
C. Ryan Pinckney, Esquire
M. Natalie Alfaro, Esquire
Michael A. Hawes, Esquire
Michelle Jacobson Eber, Esquire
Thomas Rooney, Esquire
Michael A. Silliman, Esquire
BAKER BOTTS L.L.P.
910 Louisiana
One Shell Plaza
Houston, TX  77002
*Attorneys for Plaintiff*

Jennifer Librach Nall, Esquire                                  *VIA ELECTRONIC MAIL*
BAKER BOTTS L.L.P.
98 Van Jacinto Boulevard, Suite 1500
Austin, TX  78701-4078
*Attorneys for Plaintiff*


*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)