IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ART+COM INNOVATIONPOOL GMBH,

*Plaintiff,*

v.

GOOGLE INC.,

*Defendant.*

Civil Action No. 1:14-217-TBD

## MEMORANDUM ORDER

Presently before the court are Plaintiff ART+COM Innovationpool GmbH's ("ACI")

Motion for Relief from Judgment under Rule 60(b) ("ACI's Motion") (D.I. 441), ACI's opening

brief (D.I. 442), Defendant Google Inc.'s ("Google") opposition (D.I. 460), and ACI's reply (D.I.

465).

For the reasons stated below, **IT IS HEREBY ORDERED THAT**: ACI's Motion is

**DENIED.**

### BACKGROUND

ACI brought this patent infringement action against Google on February 20, 2014,

alleging infringement of various claims of U.S. Patent No. RE44,550 ("the '550 patent"). D.I. 1.

On August 21, 2015, the court granted Google permission to depose Mr. Stephen Lau, a former

employee of SRI International, after the close of fact discovery. Before Mr. Lau's September 3,

2015, deposition, Google informed ACI that Mr. Lau had been retained as a consultant. After the

deposition, Google agreed to produce and did produce its 2014 consulting agreement with Mr.

Lau, as well as invoices and records of payment, and to do the same with respect to its consulting

agreement with Mr. Lau for its 2006 litigation against Skyline Software Systems. D.I. 204.

The 2014 consulting agreement between Google and Mr. Lau provided that

> [b]ecause your consulting work will take time away from your regular work, you will be reimbursed for your time spent on consulting on [this] matter at your regular hourly rate of $450. This reimbursement is independent of the nature of information that you provide to [Google], does not depend on the ultimate outcome of the [litigation with ACI], and must not influence any testimony that you may provide in the [litigation with ACI]. If you are asked to testify in connection with the [litigation with ACI], you will not be reimbursed for the time spent providing testimony. You will also be reimbursed for reasonable and pre-approved costs associated with your consulting in the [litigation with ACI], such as preservation of documents or necessary travel.

D.I. 442, Ex. D at 1.

Although Google stated that Mr. Lau would not be available for a second deposition, ACI

did not seek a subpoena from the court to have Mr. Lau testify at a subsequent deposition.

However, on October 6, 2015, ACI submitted a letter to the court urging that the court should

"consider the impropriety of th[e] consulting agreement [between Google and Mr. Lau] and

exclude Mr. Lau's testimony from evidence" because "Google's agreement with Mr. Lau is an

inducement in violation of the rules of professional conduct and public policy." D.I. 208 at 1, 3.

Google submitted a response on October 7, 2015, urging that Mr. Lau's testimony is "entirely

'independent of the nature of information' that he provides, does 'not depend on the outcome of

this case,' and 'must not influence any testimony that he may provide in this case.' Mr. Lau

would 'not be reimbursed for the time spent providing testimony.'" D.I. 210 at 2 (brackets and

citations omitted).

After oral argument on October 8, 2015, the court ruled that there are "other cases where

people testify and they have consulting agreements and they are fact witnesses" and that ACI had

not shown "what [Mr. Lau is] being paid . . . [is] unreasonable." *See* D.I. 442, Ex. G at 20:12–14, 16–17. The court held it would not exclude Mr. Lau's testimony but that ACI could cross-examine Mr. Lau about the 2014 consulting agreement, his hourly rate, and his prior consulting for the 2006 Skyline litigation. *See id.* at 20:4–21:22.

The case was tried to a jury from May 23 to May 27, 2016.[1] During the trial, Mr. Lau testified as to his consulting agreement with Google, his consulting rate, and two pieces of prior art, the T_Vision Paper and the SRI TerraVision system. He also testified that he attended the 1994 Magic Technical Symposium in Lawrence, Kansas. Trial Tr. at 1058:18. Mr. Lau was vigorously cross-examined, including regarding a deposition in 2006 in which he testified that he was "unable to attend" the 1994 Magic Technical Symposium because he "was partially on medical leave." Trial Tr. at 1069:18–20. On redirect, he explained that, on reconsideration subsequent to the 2006 deposition, he checked his financial records and concluded that he did attend the symposium. *Id.* at 1076:4–13. ACI did not renew its motion to exclude at trial, or object to the testimony with respect to Mr. Lau.

The jury found that Google did not infringe any of the asserted claims of the '550 patent, and that each of the asserted claims is invalid as anticipated and/or obvious. D.I. 412. The court entered final judgment on May 31, 2016, and amended judgment on July 12, 2016. D.I. 416; 449. ACI now moves under Rules 60(b)(3) and 60(b)(6) to set aside the judgment.

---

[1]   The trial transcript is located at D.I. 418, 419, 420, 421, 422, and 423. All citations to the trial transcript are in the format "Trial Tr. at" followed by the transcript page number : line number.

DISCUSSION

I

Rule 60(b) provides that "the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3) & (b)(6). "To prevail [under Rule 60(b)(3)], the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). "In order to sustain the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing . . . ." *Pierre v. Beebe Hosp./Med. Ctr.*, No. CV 13-2102-SLR, 2015 WL 2064406, at *2 (D. Del. May 4, 2015) (quoting *Brown v. Pa. R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960)). "[A] party seeking Rule 60(b)(6) relief must demonstrate the existence of 'extraordinary circumstances' that justify reopening the judgment." *Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (footnote omitted).

II

Before trial, the court declined to exclude Mr. Lau's testimony. ACI has shown no basis for reconsidering the court's prior ruling regarding Mr. Lau's testimony.

ACI argues that "Google's 'consulting agreement' with Mr. Lau is *per se* improper. The rules of professional conduct prohibit 'offer[ing] an inducement to a witness that is prohibited by law.'" D.I. 442 at 8 (citation omitted). ACI charges that Mr. Lau "is a fact witness paid for fact testimony," *id.* at 10, and speculates that Google paid Mr. Lau "as much as an additional $30,000" for his presence at trial, *id.* at 3. The consulting agreement, on its face, provided that

4

Mr. Lau would "not be reimbursed for the time spent providing testimony" and that any reimbursement would "not depend on the ultimate outcome . . . and must not influence any testimony that you may provide." D.I. 442, Ex. D at 1. At his September 2, 2015, deposition, Mr. Lau testified that he did not "expect Google [would] compensate [him] for [his] time spent testifying." D.I. 442, Ex. E at 188:7–9. In fact, according to Mr. Lau's invoice to Google for May 2016, Mr. Lau billed Google for eight hours in the week leading up to trial (specifically, on May 17, 20, and 21), but no hours during the trial week. D.I. 462, Ex. 4 at 1.[2] According to Google, setting aside reimbursement of expenses, Mr. Lau's consulting fees in this case totaled $20,000. D.I. 460 at 10.[3] There is no contrary evidence that Mr. Lau's consulting fees exceeded this amount. ACI has not demonstrated that Google improperly paid Mr. Lau for his testimony.

Contrary to ACI's argument, the cases establish that a party can enter into agreements with fact witnesses that compensate those witnesses for consulting work and not trial testimony. Indeed, "[a] witness may be compensated for the time spent preparing to testify or otherwise consulting on a litigation matter in addition to the time spent providing testimony in a deposition or at trial. . . . That a fact witness has been retained to act as a litigation consultant does not, in and of itself, appear to be improper, absent some indication that the retention was designed as a financial inducement or as a method to secure the cooperation of a hostile witness, or was

---

[2]   Mr. Lau also billed Google for round-trip airfare, meals, and expenses. D.I. 462, Ex. 4 at 1. ACI does not allege those reimbursements were improper. *See* D.I. 411 at 9 (acknowledging that fact witnesses may be compensated for "'(1) reasonable expenses, and (2) reasonable compensation for the loss of the witness's time spent testifying'" (quoting *In re PMD Enters.*, 215 F. Supp. 2d 519, 529–30 (D.N.J. 2002)).

[3]   Mr. Lau billed Google $400/hour for 41 hours of consulting performed between May 2014 to April 2016. D.I. 462, Ex. 3 at 2. Mr. Lau billed Google $450/hour for eight hours of consulting performed between May 17–21, 2016. D.I. 462, Ex. 4 at 1. This amounts to roughly $408/hour for 49 hours of work.

otherwise improper." *Prasad v. MML Inv'rs Servs., Inc.*, No. 04 CIV. 380 (RWS), 2004 WL 1151735, at *6 (S.D.N.Y. May 24, 2004); *see also Centennial Mgmt. Servs., Inc. v. Axa Re Vie*, 193 F.R.D. 671, 679 (D. Kan. 2000) (finding no basis for sanctions where party did not pay a fact witness "for the substance or strength of his testimony" and instead "payments made to [the fact witness] were made solely for the purpose of compensating [the witness] for the time he lost in order to give testimony in the litigation, review documents produced in the litigation, and otherwise consult with [the defendant] and its counsel on matters related to the litigation"). The authorities ACI cites are not to the contrary. ACI suggests that the 2014 consulting agreement "is similar to the consulting arrangement found impermissible in" *Rocheux International of New Jersey v. U.S. Merchants Financial Group, Inc.*, No. CIV. 06-6147, 2009 WL 3246837 (D.N.J. Oct. 5, 2009). D.I. 442 at 9. But in *Rocheux*, the district court excluded a witness's testimony based on its finding that "it is clear that [the witness] is a fact witness, and that Plaintiff's counsel improperly procured payment for [the witness's] factual testimony." 2009 WL 3246837 at *3. Here, ACI has not shown that Google compensated Mr. Lau for his testimony or that the consulting payments affected his testimony.

ACI has also not clearly and convincingly shown that Mr. Lau's "compensation seems unreasonably high or disproportionate to the time actually spent on litigation matters," leading the court to draw "an inference . . . that the payments, in reality, were made for the substance or efficacy of [the fact witness's] testimony." *Centennial Mgmt. Servs.*, 193 F.R.D. at 679–80. In determining whether a fact witness's compensation is unreasonably high, courts look to the nature of the witness's experience and the nature of the litigation. *Id.* Google argues that "Mr. Lau's reimbursement of $450/hour is reasonable given his many years of experience in the geospatial visualization field and his first-hand knowledge of SRI TerraVision, . . . about which

6

no other person alive today has detailed knowledge," and notes that Mr. Lau's annual salary at Lawrence Berkeley Labs is $170,000. D.I. 460 at 2, 9–10. ACI asserts that Mr. Lau's $450/hour rate is "over five times his current effective hourly rate [based on his salary] and more than double his rate in the Skyline Litigation. No past employment history or past consulting experience has ever been disclosed by Mr. Lau or Google that justifies such a rate." D.I. 442 at 10 (emphasis removed). To be sure, past compensation may be relevant to measuring reasonable compensation for consulting work, but it is not necessarily the market value of a witness's (or employee's) time. The mere fact that Mr. Lau's consulting rate is five times his prorated hourly salary is not itself unreasonable. It is not unreasonable for people to command a higher rate for low utilization, a la carte services compared to their effective hourly salary in long-term employment; nor is it unreasonable for people with full-time employment to charge more for consulting work done during limited free time. ACI did not present evidence showing that Mr. Lau's rate was unreasonable compared to the rates charged by analogously experienced consultants in similar litigations. The total amount of the payment ($20,000) was also not unreasonable. Here, in light of Mr. Lau's "experience in the [geospatial visualization] industry, his first-hand experience with the [prior art] that are the subject of this lawsuit, and the complex nature of this litigation," *Centennial Mgmt. Servs.*, 193 F.R.D. at 680, the court finds Mr. Lau's rates and total compensation are not unreasonable.

ACI asserts that Mr. Lau gave false testimony at trial regarding his attendance at the 1994 Magic Symposium and his demonstration of the SRI TerraVision system there. *See* D.I. 465 at 4–6. ACI states the "most egregious example is Lau's testimony that he demonstrated SRI TerraVision at Magic 1994" when he testified in 2006 for the Skyline litigation (14 years after the event) that he did not attend Magic 1994. *Id.* at 4. ACI has not established that Mr. Lau

7

intentionally gave false testimony, only that he gave inconsistent testimony because of the difficulty of recalling events occurring years earlier. Mr. Lau explained at trial that, subsequent to that 2006 deposition, he used personal finance software to locate records of his credit card transactions made in connection with his attendance of the 1994 Magic Symposium. Trial Tr. at 1076:4–13. As for ACI's other claims that Mr. Lau's trial testimony contradicted earlier testimony, ACI did not attempt to impeach Mr. Lau on those bases and present those alleged inconsistencies to the jury. There is no basis to conclude, contrary to the jury, that Mr. Lau testified falsely at trial.

ACI's claim that Google unlawfully obstructed its access to Mr. Lau is not supported. The 2014 consulting agreement did not preclude ACI from contacting or meeting with Mr. Lau about events predating the consulting agreement. It simply barred Mr. Lau from accepting employment adverse to Google—a condition Google waived after the September 3, 2015, deposition took place. *See* D.I. 442, Ex. D at 2; D.I. 461, Ex. 1 at 1. ACI argues that its deposition of Mr. Lau was inadequate. If ACI wished to conduct a further deposition of Mr. Lau, or to secure additional documents, it could have moved for a subpoena ordering Mr. Lau to attend another deposition or to produce the documents on which he relied to refresh his recollection. *See* Fed. R. Civ. P. 45(a)(1)(A)(iii). ACI took none of these actions and cannot now complain that its deposition opportunity was too abbreviated or that documents were not produced.

Finally, the court notes that ACI was afforded full opportunity to cross-examine Mr. Lau at trial, including about his consulting agreement with Google. Based on the court's observation of Mr. Lau at trial, there was nothing to suggest that Mr. Lau was influenced by compensation received or that he testified untruthfully. He appeared to be forthright, careful, and candid in his

testimony. To the extent that any issues arose regarding Mr. Lau's testimony at trial—including any prior inconsistent statements and their alleged relation to the consulting agreement—ACI had the ability to explore those issues at trial and challenge Mr. Lau's credibility, or to expose any improper compensation.

ACI complains that it was surprised by Mr. Lau's testimony on redirect that he attended the 1994 Magic Technical Symposium, but Mr. Lau testified to the same effect at his deposition in this case. *See* D.I. 442, Ex. E at 215:14–17 (Q: Okay. Do you recall attending this technical – are you sure you attended this [1994 Magic] technical symposium?  A: I believe so."). By failing to object at trial that it was surprised by Mr. Lau's testimony, ACI waived any objection based on a theory of surprise.

Under the circumstances, there is no basis for Rule 60(b) relief. ACI's Motion is **DENIED**.

It is **SO ORDERED** this ___9___ th day of September, 2016.


_____
Honorable Timothy B. Dyk
United States Circuit Judge, sitting by designation